UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARRELL W. BUMPAS, | ) |
| | ) |
| Plaintiff, | )    3 10 0061 |
| | ) |
| v. | )    No. 3:09mc0207 |
| | )    Judge Trauger |
| CORRECTIONS CORPORATION OF | ) |
| AMERICA, ET AL., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The court has before it a *pro se* prisoner complaint brought under 42 U.S.C. § 1983. The plaintiff, a prisoner in the Metro-Davidson County Detention Facility (MDCDF) in Nashville, has submitted an application to proceed *in forma pauperis*.

It appears from the plaintiff's application that he cannot afford to pay the filing fee. Therefore, the Clerk will **FILE** the complaint *in forma pauperis*.[1] 28 U.S.C. §§ 1915(a), (b)(4).

The plaintiff is herewith assessed the civil filing fee of three hundred fifty dollars ($350.00). *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is the greater of:

    (a)     twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust fund account; **or**

---

[1] The plaintiff's application to proceed *in form pauperis* is granted based on his declaration under 28 U.S.C. § 1746 that officials at MDCDF would not process his application to proceed *in forma pauperis*, as well as information that the plaintiff provided subsequently.

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income, or income credited to the plaintiff's inmate trust fund account for the preceding month, but only when such monthly income exceeds ten dollars ($10.00). Such payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court as prescribed by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(b)(2).

For the reasons explained in the accompanying Memorandum, this action is **DISMISSED WITH PREJUDICE** for want of prosecution, for failure to comply with the Orders of the Court, and such dismissal shall constitute a **DISMISSAL ON THE MERITS**. Rule 41(b), Fed. R. Civ. P.; *Link v. Wabash R.R.*, 370 U.S. 626, 629-31. For the reasons also explained in the accompanying Memorandum, this action is **DISMISSED AS "MALICIOUS"** under 28 U.S.C. §§ 1915(e)(2)(B)(i); 1915A(b)(1) and, as such, shall count as a **STRIKE** under 42 U.S.C. § 1915(g). The plaintiff's pending motions are **DENIED** as moot.

The Clerk is **DIRECTED** to send a copy of the docket to the plaintiff in compliance with his request. (Docket Entry No. 29) The Clerk is further **DIRECTED** to take the following actions with respect to any future documents that the plaintiff may file in this action. Except for a properly filed post-judgment motion/notice, *i.e.*, a motion to alter or amend judgment under Rule 59(e), Fed. R. Civ. P., a motion for relief from judgment under Rule 60, Fed. R. Civ. P, or a Notice of Appeal, no action is required with respect to any future documents filed in this matter by the plaintiff. In the event that the plaintiff files any documents other than those specified above, such pleadings shall be docketed, the first pages scanned into CM/ECF, and the document itself placed in the permanent

record. The plaintiff is **FOREWARNED** that, should he file any further documents in this action other than those specified above, appropriate **SANCTIONS** will be considered.

An appeal from the judgment rendered herein would **NOT** be taken in good faith. Therefore, the plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis.* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444-46 (1962). Nevertheless, should the plaintiff decide to file a notice of appeal, he either must pay the Clerk of Court the full appellate filing fee of four hundred fifty-five dollars ($455.00), or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the six (6) month period preceding the filing of his notice of appeal. 28 U.S.C. §§ 1915(a)(1) and (a)(2); *McGore*, 114 F.3d at 605.

The Clerk is **DIRECTED** to send a copy of this Order to the Warden at MDCDF to ensure that the custodian of the plaintiff's inmate trust fund account complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees. Should the plaintiff be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this Order follows the plaintiff to his new place of confinement. All payments made pursuant to this Order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge